### E. C. DeWITT & CO. v. CULPEPPER.

Contract—Defense.—Where a party buys goods upon agreement that seller advertise them for him, and after delivery they are destroyed by fire, and buyer voluntarily instructs paper not to advertise, he cannot set up the failure to advertise as a defense to the purchase price of the goods.

Before Townsend, J., Florence, October, 1902. Reversed.

Action by E. C. DeWitt & Co. against J. F. Culpepper. From order of Circuit Court reversing judgment of magistrate, plaintiff appeals.

*Messrs. Wilcox & Wilcox,* for appellant.

*Mr. W. F. Clayton,* contra.

June 27, 1903.  The opinion of the Court was delivered by

Mr. Justice Woods.  The defendant, J. F. Culpepper, purchased from the plaintiff, E. C. DeWitt & Co., a corporation, a lot of medicines.  The sale was evidenced by a written contract, dated October 2d, 1901; but the defendant testified without objection, the contract of purchase was made upon the express condition that plaintiff would advertise the medicines in a Timmonsville paper.  The defense to this action for the balance due on the purchase price of the medicines was the failure of the plaintiff to advertise.  The magistrate before whom the case was tried gave judgment for the whole amount claimed by the plaintiff.  On appeal, the Circuit Judge reversed this judgment and dismissed the complaint.  The plaintiff appeals.

Just after the contract with defendant was made, plaintiff negotiated with the publisher of a Timmonsville paper concerning the advertisement, but failed to agree with him as to the price.  On October 30th, 1901, immediately after the medicines were received, they were destroyed by a fire which consumed defendant's store and stock of goods.  Thereupon, defendant's son, who was acting for him, wrote plaintiff in his father's name, telling it of the misfortune, and acknowledging liability.  In the second letter, dated November 13th, 1901, the defendant said: "You were to advertise extensively in *The Enterprise* for me, and, in order to save you that expense, I went immediately to them and instructed that they do no advertising for me.  What you were to allow them or any discount will be greatly appreciated."

The destruction of the goods was, of course, the defendant's misfortune, which did not affect his liability.  When the goods were destroyed, there had been no breach of contract on the part of the plaintiff, for there was still time for it to advertise as it had contracted.  The defendant might still have insisted on the advertisement, and possibly this would have secured him some allowance on the account.  But, instead of this, the defendant in his letters acknowledged

his liability, expressly waived the advertisement, and appealed to the liberality of his creditor. Under these circumstances, the law can furnish him no relief.

The judgment of this Court is, that the judgment of the Circuit Court be reversed and the judgment of the magistrate be affirmed.